IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUCINDA BURROUGHS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-5098 |
| | ) | |
| v. | ) | Judge |
| | ) | |
| COOK COUNTY CLERK and | ) | Magistrate Judge |
| COUNTY OF COOK, | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## COMPLAINT

**NOW COMES** Plaintiff, LUCINDA BURROUGHS, by and through her attorney, Arthur R. Ehrlich of the LAW OFFICES OF GOLDMAN & EHRLICH, CHTD., and as her Complaint against the Defendants, COOK COUNTY CLERK and COUNTY OF COOK, states as follows:

1. This is an action under the Americans with Disabilities Act, 42 U.S.C. §12117 *et seq.*, based on Defendant's failure to accommodate Plaintiff's disability, for discriminating against Plaintiff based on her disability, and retaliation for requesting accommodations and complaining of discrimination on the basis of her disability. This action is also brought under Title VII, 42 U.S.C. §2000e *et seq.*, for retaliation based on Plaintiff's complaints of disability discrimination. Jurisdiction exists under 42 U.S.C. §12117 *et seq.*, and under 42 U.S.C. §2000e *et seq.* Venue exists because Plaintiff resides in the Northern District of Illinois, and Defendants are government Agencies residing in Cook County, in the Northern District of Illinois.

2. Plaintiff filed a timely charge for disability discrimination under the Americans with Disabilities Act, and retaliation with the Equal Employment Opportunity Commission (EEOC) in October 2016. The EEOC issued Plaintiff a Right to Sue letter dated May 3, 2017, which Plaintiff received a few days thereafter.

3. Plaintiff, LUCINDA BURROUGHS, is a resident of Alsip, Illinois. Plaintiff has worked for Defendant COOK COUNTY CLERK's office at all times relevant to this Complaint.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

4. Defendant, COOK COUNTY CLERK, is a governmental entity charged with various duties, including administering elections, maintaining birth, marriage and death records, and recording the activity of the Cook County Board of Commissioners.

5. Defendant, COOK COUNTY, is a county organized under the laws of the state of Illinois.

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

6. Plaintiff has recurring neurologic and cardiac issues stemming from a series of strokes which has caused substantial limitations in some of her major life activities, including walking, balance, and other activities affected by her neurologic and cardiac condition.

7. Defendants have been aware of Plaintiff's disability at all times relevant to this Complaint. Plaintiff provided Defendants with medical documents about her condition when she was first hired and provided additional medical documents when she took leave under the FMLA due to her disability. Defendants were also aware of her walking limitations as Plaintiff often used a cane at work and sometimes assisted her when she had problems with her balance.

8. Despite her disability, Plaintiff is and has been able to perform the essential functions of her job and Plaintiff has consistently met the Defendant's legitimate job expectations at all times relevant to this complaint.

9. On or about July 6, 2016, Plaintiff's supervisor refused to let Plaintiff use the bathroom until she swiped out on a time clock despite Plaintiff's urgent need. The time clock was in the opposite direction of the bathroom and Plaintiff was in immediate need of using the bathroom due to her disability. Defendants unreasonable interference caused Plaintiff stress and embarrassment.

10. Other employees are not required to swipe out before using the restroom and the supervisor allows other employees to run personal errands or arrive late without having to accurately report their time.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

11. On July 7, 2016, Plaintiff complained to Defendants' Human Resources Director about the July 6th incident. Defendants' HR Director insisted the supervisor acted properly and falsely claimed that the time clock was on the way to the bathroom when in fact it was in the opposite direction. The HR Director then directed Plaintiff to provide copies of all medical documentation directly to her regarding her medical condition in violation of the ADA.

12. When Plaintiff persisted with her complaint over her mistreatment, the HR Director confronted her on or about August 22, 2016, yelled at her, and then mockingly told Plaintiff to see "a shrink" when Plaintiff became visibly upset and began to shake due to this harassment.

13. Shortly after Defendants met with Plaintiff on September 1, 2016 to again discuss having been denied use of the bathroom in July, Plaintiff was ordered to clock out, placed on unpaid leave, and instructed to remain off work until she was cleared by Defendants' doctor.

14. Defendants falsely claimed they needed "clarity" over the medical note Plaintiff provided to Defendants back on August 17, 2016. Defendants did not explain what was unclear about her medical note which clearly stated Plaintiff could return to work.

15. After examining Plaintiff on September 2, 2016, the County's Physician told Plaintiff she could return to work. Defendants' HR director, however, insisted on meeting privately with the physician, discussed Plaintiff's medical issues without her consent, and improperly caused the County Physician to reverse his earlier determination and now claimed Plaintiff was not cleared to return to work. No explanation was provided for the sudden refusal to allow Plaintiff to return work.

16. Plaintiff was forced to use her Paid Time Off (PTO) days until she obtained a second note from her physician which once again stated that Plaintiff could return to work and provided the same information as before. Defendants refused Plaintiff's request to restore her PTO days which it forced her to use despite being cleared to return to work since August 16th by her physician.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

3

17. Defendants continued to discriminate against Plaintiff because of her disability. Defendants sometimes refused to let Plaintiff work overtime because her medical release limited her to working from 9:00 a.m. to 5:00 p.m. each day, though Plaintiff's overtime requests were for working on Saturdays. Yet, Defendants often forced Plaintiff to work past 5:00 p.m. by failing to relieve her in time to complete her duties by 5:00 p.m..

18. Defendants harassed Plaintiff based on her disability by verbally instructing her to obtain a new note from her physician in November and December of 2016 because her August 17th release to return to work had allegedly expired. There was no expiration date on her medical release. Defendants refused to provide Plaintiff with anything in writing to confirm why she needed a new medical release to remain at work.

19. Defendants' refused to accommodate Plaintiff and discriminated against Plaintiff based on her disability and in violation of the Americans with Disabilities Act, 42 U.S.C. §12177 *et seq.*. Defendants' actions were willful and malicious based on their repeated harassment and ridicule of Plaintiff's disability and her medical condition.

20. Defendants' actions caused Plaintiff to lose salary and other employment benefits and caused Plaintiff emotional distress.

21. Plaintiff demands trial by jury.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded the following relief:

  A. Actual damages for lost salary and employment benefits in an amount in excess of Sixty Thousand Dollars ($60,000.00);

  B. Compensatory damages in excess of Three Hundred Thousand Dollars ($300,000.00);

  C. Attorney's fees and costs; and

  D. Any other relief this Court deems appropriate.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

## COUNT II
## RETALIATION

1-18. Plaintiff restates and realleges ¶¶ 1-18 of Count I above, as ¶¶ 1-18 of this Count II as though fully set forth herein.

19. When Plaintiff continued to complain about the July 7, 2016 incident and Defendants' failure to properly address this incident, Defendants warned Plaintiff to drop her complaint. On or about August 22, 2016, Plaintiff was warned that Defendants would "dig up some dirt" against her unless she withdraw her complaint.

20. Defendants' HR director confronted Plaintiff on August 22, 2016, demanded to know why she filed a complaint, harassed her until she became visibly upset and began to shake, and then mockingly told Plaintiff to see a "shrink."

21. After Plaintiff met with Defendants on September 1, 2016 about being denied use of the bathroom in July, Defendants retaliated by placing her on unpaid leave and instructed her to remain off work until she was cleared by Defendants' doctor.

22. Defendants falsely claimed they needed "clarity" over the medical note Plaintiff provided to Defendants back on August 17, 2016. Defendants did not explain what was unclear about her medical note which clearly stated Plaintiff could return to work.

23. After examining Plaintiff on September 2, 2016, the County's Physician told Plaintiff she could return to work. Defendants' HR director, however, insisted on meeting privately with the physician, discussed Plaintiff's medical issues without her consent, and improperly caused the County Physician to reverse his earlier determination and now claimed Plaintiff was not cleared to return to work. No explanation was provided for the sudden refusal to allow Plaintiff to return work.

24. These retaliatory actions forced Plaintiff to use her Paid Time Off (PTO) days until she obtained a second note. Defendants refused Plaintiff's request to restore her PTO days which

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

5

Plaintiff was forced to use due to Defendants' retaliatory actions despite being cleared to return to work since August 17th.

25. Plaintiff continued to complain to Defendants about discrimination and retaliation and then filed a complaint with the EEOC in October 2016.

26. Defendants continued to retaliate against Plaintiff by refusing to let her work overtime claiming it was against her medical restrictions, while forcing Plaintiff to work past 5:00 p.m. on other occasions in violation of her medical restrictions.

27. Defendants retaliated against Plaintiff in November and December 2016 by verbally instructing her to obtain a new note from her physician falsely claiming that the August 17th release to return to work had expired. There was no expiration date on her medical release. Defendants refused to provide Plaintiff with anything in writing to confirm why she needed a new medical release to remain at work.

28. On or about January 30, 2017, Plaintiff was reprimanded for allegedly making an error on a debit which was missing from her cash register drawer. Defendants waited 10 days before accusing Plaintiff of this error and ignored the fact that 3 other employees reviewed and signed off on her count, receipts and cash in her drawer and either found no error or, if Defendants were correct about an error, also missed this alleged error.

29. When Plaintiff challenged this accusation, the delay of presenting it to her, and noted that 3 other employees reviewed her register drawer, Defendants told Plaintiff not to mention her discrimination complaint or they would cancel the meeting and have the legal department investigate the allegedly missing money. None of the other 3 employees who would also have missed this alleged error were disciplined.

30. In February of 2017, Defendants falsely accused Plaintiff of an error in her cash register when the debit machine went done. Plaintiff's supervisor made the questionable entry, not Plaintiff.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

31. Defendants are aware that several managers and supervisors have access to Plaintiff's register and have made entries using Plaintiff's access number. Yet, Defendants have still accused Plaintiff of errors made by the supervisors and managers.

32. In March 2017, Plaintiff's manager rudely asked Plaintiff "what's your problem". Plaintiff was then reprimanded and accused of being rude to the manager when in fact it was the manager who was rude to Plaintiff.

33. Defendants engaged in these actions in retaliation for her seeking accommodations for her disability, complaints of disability discrimination, and in retaliation for filing an EEOC charge against Defendants. Defendants' actions violated 42 U.S.C. §12177 *et seq* and 42 U.S.C. §2000e *et seq.*.

34. Defendant's actions have been willful and malicious and caused Plaintiff to lose salary and other employment benefits and caused Plaintiff emotional distress.

35. Plaintiff demands trial by jury.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded the following relief:

A. Actual damages for lost salary and employment benefits in an amount in excess of Sixty Thousand Dollars ($60,000.00);

B. Compensatory damages in excess of Three Hundred Thousand Dollars ($300,000.00);

C. Attorney's fees and costs; and

D. Such other relief as this Court deems appropriate.

Dated: July 10, 2017

/s/ Arthur R. Ehrlich
Arthur R. Ehrlich of GOLDMAN & EHRLICH, as attorney for Plaintiff, LUCINDA BURROUGHS

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

Arthur R. Ehrlich (ARDC #06187364)
GOLDMAN & EHRLICH, CHTD.
20 South Clark Street, Suite 500
Chicago, IL 60603
Phone: (312) 332-6733
Fax: (312) 372-7076

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

8