IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUCINDA BURROUGHS, ) | |
| ) | |
| Plaintiff, ) | Case No. 17-cv-5098 |
| ) | |
| v. ) | Judge Ruben Castillo |
| ) | |
| COOK COUNTY CLERK and ) | |
| COUNTY OF COOK, ) | |
| ) | |
| Defendants. ) | |

### FINAL PRETRIAL ORDER

    This matter having come before the Court at a pretrial conference held pursuant to

Federal Rule of Civil Procedure 16, and

    Arthur R. Ehrlich
    GOLDMAN & EHRLICH
    19 South LaSalle Street
    Suite 1500
    Chicago, Illinois 60603
    (312)332-6733
having appeared as counsel for Plaintiff, and

    Kathleen Cunniff Ori
    Colleen Harvey
    Jay Rahman
    Assistant State's Attorneys
    Cook County State's Attorney Office
    Labor and Employment Section
    50 W. Washington Street, Suite 500
    Chicago, IL 60602
    312-603-4635

    Matthew Ford
    Bartlit Beck Herman Palenchar & Scott LLP
    Special Assistant State's Attorney
    54 West Hubbard Street, Suite 300, Chicago, IL 60654
    312-494-4449

having appeared as counsel for Defendants, Cook County Clerk's office and Cook County as indemitor, the following action was taken:

    1.    This is an action for violations of the Americans with Disabilities Act, 42 U.S.C. §12117 *et seq.*, and for retaliation under Title VII, 42 U.S.C. §2000e *et seq.*. Jurisdiction exists under 42 U.S.C. §12117 *et seq.*, and under 42 U.S.C. §2000e *et seq.*.

    2.    The following stipulations and statements were submitted and are attached to and made a part of this Order:

    (a)    a comprehensive stipulation or statement of all uncontested facts, which will become

a part of the evidentiary record in the case;

    SEE ATTACHED

    (b)    **Agreed description of the case to be read to prospective jurors**.

The Plaintiff, Lucinda Burroughs, works for the Defendant Cook County Clerk's office. Plaintiff contends that Defendant Cook County Clerk's office and County of Cook violated her rights under the Americans with Disabilities Act (ADA) Defendant Cook County Clerk's office denies that it violated any of Plaintiff's rights under the ADA.

    (c).    **LIST OF EXHIBITS**

    See Attached lists

    (d)    **WITNESSES**

    See Attached.

    (e).    **EXPERT WITNESSES**

Plaintiff will use her treating physicians, and no experts will be used as defined by Rule 26.

    (f)    **LIST OF DEPOSITIONS TO BE READ INTO EVIDENCE**

        None

    (g) and (h)    Not requested by court at this time

    (i)    The Parties have completed discovery, including the depositions of expert witnesses.

Absent good cause shown, no further discovery shall be permitted;

    (j)    **MOTIONS IN LIMINE**

        Filed separately.

    (k)    **AGREED STATEMENT OR STATEMENTS BY EACH PARTY OF THE CONTESTED ISSUES OF FACT AND LAW AND A STATEMENT OR STATEMENTS OF CONTESTED ISSUES OF FACT OR LAW NOT AGREED TO**

        Not requested by court at this time.

    (l)    There are no waivers of any claims or defenses that have been abandoned by any party.

    (m)    N/A

    (3)    LENGTH OF TRIAL

The parties expect the trial to take three (3) days to four (4).

    (4).    This is a Jury trial.

    (5)    The parties recommend that 12 jurors be selected at the commencement of the trial.

    (6)    Liability and damages should not be bifurcated for trial. On motion of any party or on motion of the court, bifurcation may be ordered in either a jury or a non-jury trial.

    (7)    The parties do not agree to have this case tried before a Magistrate.

(8) This Order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

(9) Possibility of settlement of this case was considered by the parties.

_____
Judge Ruben Castillo

_____
DATE

| | |
|---|---|
| /s/ Arthur R. Ehrlich | /s/ Kathleen Cunniff Ori |
| Arthur R. Ehrlich | Kathleen Cunniff Ori |
| Law Offices of Goldman & Ehrlich | Assistant State's Attorney |
| 20 South Clark Street | Cook County State's Attorney Office |
| Suite 500 | 69 W. Washington |
| Chicago, IL 60603 | Chicago, IL 60602 |
| Attorney for Plaintiff | Attorneys for Defendants |

## EXHIBIT C

1. **The following exhibits were offered by plaintiff, received in evidence and marked as indicated:**

4. Cook County Personnel Action form for Plaintiff's return from Disability 12/15/14. (D331).

7. Gill's 7/18/16 decision addressing Plaintiff's complaint against Harris. (Gill dep. Ex. 6).

11. Email chain between Plaintiff and Gill as to Plaintiff asking status of her response to Gill's 7/18 decision on her complaint against Harris. (Gill Dep. Ex. 10)

15. 8/23/16 memo from Gill to Plaintiff referring Plaintiff to EAP. (Gill Dep. Ex. 14).

16. 8/26/16 email from Gill to Brenski setting meeting with Plaintiff for 9/1/16. (Gill Dep. Ex. 16).

17. 9/1/16 notes of 9/1/16 meeting with Gill, Plaintiff and others. (Gill Dep. Ex. 17).

22. Timesheet query for Plaintiff for Sept 2016. (Gill Dep. Ex. 21).

2. The following exhibits were offered by plaintiff and marked for identification. Defendant(s) objected to their receipt in evidence on the grounds stated: 16

1. Plaintiff's resume. (D 290) Objection: Relevance, hearsay

Plaintiff Response: Relevant to Plaintiff's background and employment history.

Plaintiff's FMLA forms signed 1/9/13. (D 364-) Objection: hearsay

Plaintiff Response: This document was relied upon by Plaintiff to obtain FMLA, accepted by Defendants when granting her FMLA (FRE 803 (6), prepared by her physician as part of her medical treatment (FRE 803 (4), and produced by Defendants in discovery.

3. Attending Physician Statement for Plaintiff signed July 2014. (Cook Cty Med (CCM) 32). Objection: hearsay

Plaintiff Response: This document was produced by Defendants in discovery and is on a form provided by Defendants for Plaintiff's physician to complete, (FRE 803 (6)), prepared by her physician as part of her medical treatment (FRE 803 (4)), and produced by Defendants in discovery.

5. Plaintiff's 7/7/16 email to Gill about being prevented from using washroom by Harris. (Gill Dep. Ex. 2). Objection: hearsay

Plaintiff Response: Admissible under FRE 801 (d) (1), and 803 (3), (5).

6. Plaintiff 7/8/16 email to Gill about Harris letting others leave on County time. (Gill Dep. Ex 5). Objection: hearsay

Plaintiff Response: Admissible under FRE 801 (d) (1), and 803 (5).

8. Gill's notes of interview with Harris on July 6. (Gill Dep. Ex. 3). Objection: hearsay

Plaintiff Response: Admissible under FRE 801 (d) (1), (2).

9. Plaintiff 7/19/16 email response to Gill's 7/18/18 decision. (Gill Dep. Ex. 8). Objection: hearsay

Plaintiff Response: Admissible under FRE 801 (d) (1), and 803 (5).

10. Plaintiff's hand drawn map of Markham office. (Gill Dep. Ex. 4). Objection: foundation, hearsay

Plaintiff Response: Plaintiff prepared this document for Defendant. It is admissible under FRE 801 (d) (1), and 803 (5).2. 8/3/16 Memo of investigation of Plaintiff's complaint against Harris from Lynch to Gill and others. (Gill Dep. Ex. 9). Objection: attorney client memorandum

it is privileged attorney client communication and it is not relevant. Additionally, it contains hearsay.

Plaintiff Response: Defendant produced this in discovery and it was used in at least one deposition without any objection by Defendant. Any privilege was therefore waived under FRE 502 (b). It is relevant because it relates to one of the issues in this case when Plaintiff was denied use of the bathroom.

13. 10/5/16 memo from Gill to Deborah Cohen (OIG office). (Gill Dep. Ex. 18) Objection: relevance

Plaintiff Response: This document relates to the bathroom incident of July 6 and a meeting referred to in the complaint occurring on September 1. See ¶¶ 9, 13 of Complaint.

14. 8/22/16 County Medical Office Visit Disposition for Plaintiff to return to work. (Gill Dep. Ex. 13). Objection: relevance

Plaintiff Response: This is relevant because it tends to undermine Defendants' belated claim that she was not cleared to return to work and tends to prove her claim that she should not have been forced to see a County Physician. See ¶¶ 12-15 of complaint.

18. 9/1/16 email from Plaintiff to Brenski Coleman about Gill not letting her return to work until she meets with County doctor due to medical note. Objection: hearsay

Plaintiff Response: Admissible under FRE 801 (d) (1), and 803 (3), (5).

19. 8/17/16 medical note from Plaintiff's doctor allowing her to return to work as of 8/17/16. (Gill Dep. Ex. 19). Objection: hearsay

Plaintiff Response: This was prepared by her physician as part of her medical treatment (FRE 803 (4), and produced by Defendants in discovery.

20. Medical notes from County doctor on Plaintiff on 9/2/16. (CCM 002). Objection:

hearsay

Plaintiff Response: This was prepared by one of Defendant's County physicians for the purpose of Plaintiff's medical diagnosis (FRE 803 (4), and produced by Defendants in discovery pursuant to a form Defendants' used and completed by Defendants' representative. FRE 801 (d)(2), (6).

21. 9/8/16 medical note from CCM acknowledging that Plaintiff was allowed to return to work effective 8/18/16. (D 006). Objection: hearsay

Plaintiff Response: This was prepared by one of Defendant's County physicians for the purpose of Plaintiff's medical diagnosis (FRE 803 (4), and produced by Defendants in discovery pursuant to a form Defendants' used and completed by Defendants' representative. FRE 801 (d)(2), (6).

23. Gill's 11/14/16 memo and County position statement to EEOC responding to Plaintiff's EEOC complaint. (Gill Dep. Ex. 25). Objection: relevance

Plaintiff Response: This was prepared by Defendants' HR director, Gill, who is a key individual in this case and sets out Defendant's response and admissions to many of the allegations Plaintiff has made in this case.

24. 12/14/16 and 12/15/16 emails between Gill and Cohen (OIG) regarding Plaintiff's complaints. (Gill Dep. Ex. 23). Objection: relevance

Plaintiff's Response: This documents relates to ¶ 18 of complaint where Defendants kept insisting that Plaintiff obtain a new medical statement though her prior doctor statement had never "expired" as claimed by Defendants.

25. Cook County Bureau of Human Resources Medical Division Rules regarding return to work medical notes. (Gill Dep. Ex. 1). Objection: relevance

Plaintiff's Response: This exhibit relates to the rules a supervisor must follow when demanding that an employee submit to a medical evaluation, and dictates that medical documents should only go to the medical department, and not to a supervisor such as Gill. Gill demanded that Plaintiff provide medical notes to Gill. Cmplt ¶ 11.

26. 1/26/17 Disciplinary Action Form from Morres Torres to Plaintiff over alleged debit error. (Myers Dep. Ex. 2). Objection: relevance

Plaintiff's Response: This document is relevant to show Defendants' continued discriminatory and retaliatory intent against Plaintiff. Plaintiff provided evidence that other employees were not treated in this manner for the exact same incident.

27. 1/31/17 grievance of Torres' discipline to Plaintiff. (Myers Dep. Ex. 3). Objection: relevance

Plaintiff's Response: This document is relevant to show Defendants' continued discriminatory and retaliatory intent against Plaintiff.

28. Clerk's Office Bureau of Vital Records Cashiering Policy. (D 254). Objection: relevance

Plaintiff's Response: This relates to the incident for which Plaintiff was disciplined as noted in Exhibit 26.

 [State identification number and brief description of each exhibit. Also state briefly the ground of objection, such as competency, relevancy or materiality, and the provision of Fed.R.Evid. relied upon. Also state briefly plaintiff's response to the objection, with appropriate reference to Fed.R.Evid.]

3. The following exhibits were offered by defendant, received in evidence and marked as indicated:

   3. Letter from Gill to Burroughs dated 7/18/2016 [000020] (also proposed by Plaintiff)

       5.       Gill note dated 8/23/2016 [000024]

       6.       Medical restriction dated 8/17/2016 [Cook County Medical 00004]

       8.       Medical restriction dated 9/7/2016 [Cook County Medical 00018]

       9.       Return to work dated 9/8/2016 [000220]

       10.     Burroughs' time sheets

       11.     Letter from Gill to Burroughs denying overtime dated 10/20/2016 [000040]

       15.     Collective bargaining agreement

4. The following exhibits were offered by defendant and marked for identification. Plaintiff objected to their receipt in evidence on the grounds stated:

   1. Certification of conviction

      Plaintiff objects based on relevance, Defendants' failure to have produced this document at any point in this case until today, and because the prejudice outweighs any possible relevance under FRE 403. Plaintiff also objects as this relates to a matter that is more than 10 years old. FRE 609 (b).

      Response: Plaintiff pled guilty to a crime of dishonesty, specifically mail fraud against a former employer. The plea agreement states that Plaintiff participated in a scheme to defraud the Illinois Department of Human Services where she reported and certified hours of in-home care services that claimed to have provided but were in fact not provided, which caused a loss to IDHS of approximately $31,939. As such, the probative value substantially outweighs the prejudicial effect. Additionally, this information can be used for impeachment as Plaintiff was asked if she had ever been convicted of a felony during her deposition and she stated that the nature of the crime she was convicted of was

that she would not testify, which the plea agreement demonstrates is not true. This document should not come as a surprise, as it relates to Plaintiff's own conviction.

2. Plea agreement

   Plaintiff objects based on relevance, Defendants' failure to have produced this document at any point in this case until today, and because the prejudice outweighs any possible relevance under FRE 403, 609(b)

   Response: Plaintiff pled guilty to a crime of dishonesty, specifically mail fraud against a former employer. The plea agreement states that Plaintiff participated in a scheme to defraud the Illinois Department of Human Services where she reported and certified hours of in-home care services that claimed to have provided but were in fact not provided, which caused a loss to IDHS of approximately $31,939. As such, the probative value substantially outweighs the prejudicial effect. Additionally, this information can be used for impeachment as Plaintiff was asked if she had ever been convicted of a felony during her deposition and she stated that the nature of the crime she was convicted of was that she would not testify, which the plea agreement demonstrates is not true. This document should not come as a surprise, as it relates to Plaintiff's own conviction.

3. Diondra Twin note dated 8/22/2016 [000288-89] (second part of Def Ex 4.

   Plaintiff objects based on Hearsay (FRE 801) and Foundation (FRE 901)

   Response: Not hearsay under FRE 801(d)(1)(B)(i). Diondre Twin can lay the foundation to writing the statement.

4. Authorization for medical evaluation dated 8/22/2016 [000022]

   Plaintiff Objects based on Foundation (FRE 901) and Hearsay (FRE 801).

   Response: This document is not being offered for the truth. Rather, this document

demonstrate how Plaintiff came to be referred to the Medical Division on 8/22/2016. Ms. Gill can lay foundation for completing document.

7. Email from Gill to Mankowski re restrictions dated 9/2/2016 [Cook County Medical 00006]

   Plaintiff objects based on Hearsay and as a self-serving document. (FRE 801).Response: Admissible under FRE 801(d)(1)(B)(i).

12. Email regarding medical restrictions dated 12/9/2016 [222]

    Plaintiff objects based on Hearsay (FRE 801) and Foundation (FRE 901Response: Connie Meyers can lay foundation to writing this document and/or Tawanna Gill can lay foundation to receiving it. This document is not hearsay under FRE 801(d)(1)(B)(i).

13. Email regarding medical restrictions dated 11/17/2016 [217]

    Plaintiff objects based on Hearsay (FRE 801) and Foundation (FRE 901).Response: Tawanna Gill and Brenski Coleman, and Plaintiff can testify that this email was received. This email is not being offered for the truth, rather shows course of conduct.

14. Medical restrictions dated 12/15/2014 [Cook County Medical 00023]

    Plaintiff objects based on Relevance (FRE 402)

    Response: This document is relevant because it demonstrates that Plaintiff returned to work in 2014 with no restrictions. As such, she had not sought an accommodation under the ADA.

15. Medical restriction dated 12/12/2014 [Cook County Medical 00024]

    Plaintiff objects based on Hearsay (FRE 801) and relevance (FRE 402)

    Response: This document is relevant because it demonstrates that Plaintiff returned to work in 2014 with no restrictions. As such, she had not sought an accommodation under

the ADA.

16. Email regarding Plaintiff's time off in September 2016 [000029]

## **(3) PLAINTIFF'S PROPOSED LIST OF WITNESSES**

1. Plaintiff will testify.

2. Tony Hamptom, M.D., shall testify. Advocate Medical Group, 9831 South Western Ave, Chicago, IL 60643, 773-445-3500.

3. Tawana Gil, Defendant's HR Director, may testify.

4. Connie Myers, Assistant Deputy Director at Clerk's office, may testify.

5. Johnetta Stokes, Union representative, may testify. Local 73, 300 S. Ashland, Chicago, Illinois.

6. Michael Bush, employee at Clerk's office, may testify. As an employee at the Clerk's office, he can be reached at the Clerk's office. 773-927-8281

7. Antoinette Holmes, employee at Clerk's office, may testify. As an employee at the Clerk's office, she can be reached at the Clerk's office. 773-573-0743.

8. Robert Banks, an employee at Clerk's office, may testify. As an employee at the Clerk's office, he can be reached at the Clerk's office. 312-307-1353.

9. Nilda Calhoun, former supervisor, may testify.

10. Dr. Danielle Principato, may testify. 708-684-3980.

11. Angela Wright Madison may testify. As an employee at the Clerk's office, she can be reached at the Clerk's office.

12. Donald Patterson, may testify. 5014 South Prairie, Chicago, 60615

Except where noted, each proposed witness is a County employee whose address is in the possession of the Defendants.

## DEFENDANTS' PROPOSED LIST OF WITNESSES

1. Carolyn Harris
2. Tawana Gill
3. Connie Meyers
4. Brenski Coleman
5. Lennell Brandon
6. Diondra Twin
7. Custodian of Cook County Medical Unit records