UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUCINDA BURROUGHS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 17-CV-5098 |
| | ) | |
| v. | ) | Honorable Ruben Castillo |
| | ) | |
| COOK COUNTY CLERK and | ) | |
| COOK COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANTS' MOTIONS *IN LIMINE*

Defendants Cook County Clerk ("Clerk's Office") and Cook County as indemnitor move this Court for an Order *in limine* precluding Plaintiff Lucinda Burroughs from presenting evidence or argument regarding issues that are not relevant, confusing, and/or unfairly prejudicial.

### Background

Plaintiff is a current Clerk's Office employee, working as a clerk. In her Complaint, Plaintiff alleges she was discriminated against and retaliated against on the basis of a disability. Specifically, Plaintiff brought this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., after she was required to clock out for lunch prior to using the restroom and was later denied the opportunity to work overtime after she had provided a doctor's note to Human Resources that prohibited her from working anything other than a "consistent schedule of 9-5."

At trial, Defendants believe Plaintiff will fail to prove that (1) she had a disability under the ADA; (2) she sought an accommodation under the ADA; (3) the Clerk's Office was aware of a disability; and (4) that she suffered any adverse employment action.

Counsel for Plaintiff and Defendants have met and conferred. Based on that meeting, the Clerk's Office believes that Plaintiff intends to introduce evidence that was not produced in discovery, is not relevant, and/or is unfairly prejudicial. As such, Defendants seek an Order that:

1. Bars any testimony of any purported adverse actions that occurred after Plaintiff filed her EEOC charge.

2. Bars any testimony that Plaintiff sought any accommodation under the ADA for bathroom usage.

3. Bars evidence or argument that requests for medical information constitute discrimination based on disability.

4. Bars testimony or argument that Plaintiff lost wages in September 2016.

5. Bars evidence and argument that Defendant violated the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 201 *et seq*.

6. Bars introduction of an attorney/client document that was inadvertently produced.

7. Bars any testimony regarding any unrelated discipline of supervisor Carolyn Harris.

**1. Bar Evidence Of Any Conduct Outside Of The Scope Of Plaintiff's EEOC Charge.**

Plaintiff filed her EEOC charge on October 12, 2016. Ex. 1. In her EEOC charge, Plaintiff discusses incidents that occurred between July and September 2016. Plaintiff's EEOC charge makes no mention of any interactions or discipline involving Morris Torres or working overtime without receiving compensation. Plaintiff never amended her EEOC charge.

"[A] plaintiff is barred from raising a claim in the district court that had not been raised in his or her EEOC charge unless the claim is reasonably related to one of the EEOC charges and can be expected to develop from an investigation into the charges actually raised." *Green v. Nat'l Steel Corp.*, 197 F.3d 894, 898 (7th Cir. 1999). *See also*, 42 U.S.C. §§ 2000e-4 and 2000 e-5.

For a claim to be "reasonably related" to an EEOC charge, "the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994) (emphasis in original). This Court concluded in its Order dated 10/18/2018 that the incidents involving Morris Torres were not related to the EEOC charge. [Dkt. No. 55 at 13 fn. 5.] Similarly, any claim for unpaid wages relating to her ADA claims is beyond the scope of her EEOC charge.

Plaintiff should, therefore, be barred from introducing evidence or argument regarding interactions with Morris Torres and arguing that purported unpaid wages is somehow related to her ADA claims. *See, e.g.*, *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001) (excluding employee retaliation allegations that were not included in EEOC charge where there was "no indication in the record that the same supervisors were involved").

**2. Bar Any Evidence That Plaintiff Sought An ADA Accommodation Regarding Bathroom Usage.**

Plaintiff and Defendants have engaged in discovery which revealed that in 2014, Plaintiff returned to work after some medical issues. The return to work stated that she had no medical restrictions. Ex. 2, Cook County Medical 00023-24. After the July 2016 bathroom incident, Tawanna Gill, the Director of Human Resources, sought clarification from Plaintiff regarding whether Plaintiff had any medical restrictions. Ex. 3, Cook County Medical 00004, 0006. At no point did Plaintiff provide any documentation to Human Resources seeking an accommodation for bathroom usage. Additionally, discovery in this litigation has not revealed any such document. In fact, the only restriction that Plaintiff produced pertains to her work schedule, where her doctor stated she must work a consistent 9-5 schedule. Ex. 4, 000220. As such, Plaintiff should be precluded from introducing testimony regarding her need for any accommodation other than working a specific work schedule at trial.

### 3. Bar Evidence Or Argument That Requests For Medical Information Constitute Discrimination Based On Disability.

Once an individual tells her employer that she has a disability, the ADA requires the parties to engage in an interactive process to reasonably accommodate that disability. The reasonableness of an accommodation depends on the employer's knowledge of the disability. *See Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1134 (7th Cir. 1996). Especially in situations where the disability is not obvious, an employer has a right to seek additional information from the employee without violating the ADA. The statute envisions a back-and-forth between the employee and the employer, and such a request for more information by an employer falls within that exchange, as explained by Labor Department guidance. *See* 29 C.F.R. § 1630.14 ("A covered entity may require a medical examination (and/or inquiry) of an employee that is job-related and consistent with business necessity. A covered entity may make inquiries into the ability of an employee to perform job-related functions."); 29 C.F.R. § Pt. 1630, App. ("The provision permits employers or other covered entities to make inquiries or require medical examinations necessary to the reasonable accommodation process described in this part.").

Here, the nature of the Plaintiff's disability is not readily apparent such that a reasonable accommodation would be obvious. She claims unspecified limitations from medical conditions associated with past strokes, which do not suggest a particular limitation on her duties for the Clerk's Office to accommodate. Ex. 1, EEOC Charge at I (Burroughs 000041) ("Complainant is disabled and has certain medication restrictions and medical needs due to her disability"). Fortunately, many people have strokes that do not result in a disability. In fact, Plaintiff returned to work after her strokes without any restrictions. Ex. 2, Cook County Medical 00023-24. As such, requesting a medical evaluation and information from a doctor regarding the

4

impact of disabilities on the Plaintiff is neither discriminatory nor retaliatory when it occurs as part of the parties' efforts to find a reasonable accommodation.

Defendants expect that the Plaintiff will point to Defendants' requests for a medical examination (including reevaluation of any limitations) as acts that violate the ADA or retaliate for Plaintiff's exercise of her rights. Ex. 1, EEOC Charge at XII (Burroughs 00042). But jurors will not understand the statutory and regulatory framework under which the interactive process of accommodation occurs, including an employer seeking medical information. And it would be improper or confusing for the parties' lawyers to try to explain (or worse, debate) the intricacies of the law to the jury. As such, the Defendants ask the Court to bar any testimony or argument that the Defendants' requests for medical evaluations violated the ADA.

**4. Bar Testimony Or Argument That Plaintiff Lost Wages In September 2016.**

The Court should bar any testimony that Plaintiff suffered lost wages from having to obtain a medical clearance in September 2016. Plaintiff alleges that the Defendants forced her to clock out on September 1, 2016 and be placed on unpaid leave until Plaintiff could obtain a medical clearance to return to work. Ex. 1, EEOC Charge at XI (Burroughs 00042). Plaintiff did so and returned to work on September 8, 2016. Plaintiff alleges that to obtain this clearance she had to use Paid Time Off, which is the only lost income Plaintiff has identified here as relating to any alleged discrimination or retaliation.

Plaintiff did not suffer lost wages from any time off between September 1st and 8th. Plaintiff was paid her regular salary without having to use Paid Time Off on September 1st and 2d. Ex. 5, Timesheet Detail Query. In fact, the County ensured that she was paid in full on Friday September 2d so she could obtain documents to return to work. Ex. 6, 11/3/2016 Email from B. Coleman to T. Gill. September 3rd and 4th were weekend days and outside of the Plaintiff's paid, regular hours. And September 5th was Labor Day, a paid holiday. Ex. 5,

5

Timesheet Detail Query. Plaintiff had requested vacation for September 7th the year before—meaning that she did not take this day off to obtain medical clearance. Ex. 7, Burroughs Dep. at 66:14-24. Finally, on September 8th, Plaintiff used a sick day for which she was paid. Ex. 5, Timesheet Detail Query. Under the union contract governing her employment, Plaintiff is not compensated for unused sick days.

As such, the Plaintiff has not suffered any lost wages as a result of any of her allegations of discrimination or retaliation, and the Court should bar testimony or argument to that effect.

5. **Bar evidence and argument that Defendant violated the Fair Labor Standards Act by not paying Plaintiff for hours worked.**

The Court should exclude any evidence or argument that Defendants violated the FLSA. In Plaintiff's deposition, she testified that from 2016 to 2017 she worked after 5:00 p.m. and was not compensated for that time. *See* Ex. 7, Burroughs Dep. at 51:1-20. This testimony should be barred because the Complaint does not contain a count that Defendants violated the FLSA. Evidence on this issue is not relevant, prejudicial and would significantly expand the scope of allegations at issue.

First, evidence and testimony of any FLSA claim is not relevant to the issues in this case. Plaintiff's Complaint alleges ADA violations, not a violation of FLSA. Testimony regarding Defendant's alleged failure to pay Plaintiff for time worked after 5:00 p.m. is not necessary for Plaintiff to establish an ADA discrimination or retaliation claim. Further, evidence and testimony of any FLSA claim would be highly prejudicial to Defendants and would confuse the issue at hand. Because FLSA was not at issue in the Complaint or in discovery, Defendants have not had the opportunity to fully prepare a defense to this claim. Most notably, Plaintiff has not specified days on which she was not properly paid, nor presented any documentation of Defendants' failure to pay her for time worked. Allowing testimony on this topic will give the

impression to the jury that Defendants may have violated FLSA based on mere unsupported allegations, which could highly prejudicial to Defendants at trial.

### 6. Bar Testimony Or Argument Regarding An Inadvertently Produced Attorney/Client Document.

On August 3, 2016, Christina Lynch, an attorney at the Cook County Clerk's Office, sent David Orr (Cook County Clerk), and other high-level staff members - Sarah Resnick (Chief of Staff), Abdelnasser Rashid (Deputy Chief of Staff), and Tawanna Gill (Director of Human Resources) - a privileged document relating to her legal analysis of the case before the Court. The Court should bar this document as it clearly contains privileged information which Defendant did not intend to disclose. An inadvertent disclosure does not waive the attorney-client privilege in a federal proceeding if: (1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error . . . ." FED. R. EVID. 502(b). "The attorney-client privilege protects communications made in confidence by a client and a client's employees to an attorney, acting as an attorney, for the purpose of obtaining legal advice." *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2009) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 394-99; *Trammel v. United States*, 445 U.S. 40, 51 (1980)).

First, this document is clearly privileged. The document is titled "Memorandum – Privileged and Confidential Attorney – Client Communication." The document contained Attorney Lynch's summary of the Plaintiff's allegations and her legal analysis of this case. Attorney Lynch states that she drafted the memorandum at the request of the Clerk's Office. Second, the disclosure was inadvertently disclosed by an attorney for the Clerk's Office who currently in activity duty in the armed force and has been gone for over a year. There was no indication that the Clerk's Office "intended to waive the privilege or to produce the document."

7

*Carmody v. Bd. of Trs. of the Univ. of Ill.*, 893 F.3d 397, 406-07 (7th Cir. 2018). Further, this was the only document that was inadvertently produced. Third, the holder of the privilege took reasonable stops to prevent the disclosure by titling this document as a privileged and confidential communication and an objection was raised when Plaintiff's counsel indicated an intention to use it at trial. In addition, this communication has no relevance to this case. Attorney Lynch's theory of this case is not relevant to whether the Plaintiff's employer fulfilled its obligations under the ADA. Therefore, the Court should bar Plaintiff from introducing this document.

### 7. Bar Any Testimony Regarding Carolyn Harris' Prior Disciplinary History Because It Is Not Relevant.

Plaintiff should be barred from introducing evidence or testimony about Carolyn Harris' prior discipline because it is not relevant to this case. "Irrelevant evidence is not admissible." FED. R. EVID. 402. Ms. Harris' prior discipline—which was totally unrelated to interactions with Plaintiff and had nothing to do with the ADA—is not pertinent to whether the Clerk's Office accommodated the Plaintiff's disability and is not probative of anything. Therefore, the Court should bar evidence of Ms. Harris' prior disciplinary history.

Dated: February 19, 2019                    Respectfully submitted,

                                               KIMBERLY M. FOXX
                                               State's Attorney of Cook County

                                               By: /s/ Kathleen C. Ori
                                               Kathleen C. Ori
                                               Colleen Harvey
                                               Jay Rahman
                                               Assistant State's Attorneys
                                               500 Richard D. Daley Center
                                               Chicago, IL 60602
                                               Tel: (312) 603-4635
                                               kathleen.ori@cookcountyil.gov

                                               Matthew Ford
                                               BARTLIT BECK LLP
                                               54 W. Hubbard Street, Suite 300
                                               Chicago, IL 60654
                                               Tel.: (312) 494-4400
                                               matthew.ford@bartlitbeck.com

                                               *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused a true and correct copy of the above and foregoing **Defendants' Motions *In Limine*** to be served upon all counsel of record by CM/ECF electronic filing on this 19th day of February, 2019.

/s/ Kathleen C. Ori