IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUCINDA BURROUGHS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-5098 |
| | ) | |
| v. | ) | Judge Ruben Castillo |
| | ) | |
| COOK COUNTY CLERK and COUNTY OF COOK, | ) | Magistrate Judge Young B. Kim |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER FEDERAL RULE OF CIVIL PROCEDURE 50(a)**

Pursuant to Federal Rule of Civil Procedure 50(a), Defendants Cook County Clerk and the County of Cook as indemnitor move this Court for the entry of judgment as a matter of law in Defendants' favor and against Plaintiff, Lucinda Burroughs. A Rule 50(a) motion for judgment as a matter of law must be granted if, with respect to an issue which has been fully heard, there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party. FED. R. CIV. P. 50(a); *Allen & O'Hara, Inc. v. Barrett Wrecking, Inc.*, 898 F.2d 512, 515 (7th Cir. 1990).

**INTRODUCTION**

In 2017, Plaintiff filed a two-count complaint alleging Defendants failed to accommodate Plaintiff's disability, discriminated against her because of her disability, and retaliated against her for requesting accommodations and for complaining of disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12117 *et seq.* [Dkt. No. 1]. She also alleges that she was retaliated against for making complaints of disability discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq. Id.* Following the Court's ruling on Defendants'

Motion for Summary Judgment, this case proceeded to a jury trial on March 11, 2019. [Dkt. No. 55].

After three days of testimony, Plaintiff rested her case on March 13, 2019. On the first day, Plaintiff testified in support of her case. On the second day, Dr. Tony Hampton, Plaintiff's treating physician, was called to the stand. Dr. Hampton testified that he had treated Plaintiff for about eight years. (3/12/19 Trial Tr. 203:8-11). After Dr. Hampton's testimony, Plaintiff resumed her testimony. On the third day, Tawanna Gill, Director of Human Resources at the County Clerk's Office, was called to the stand. Following Ms. Gill's testimony, Plaintiff rested her case.

## ARGUMENT

Plaintiff's disparate treatment and failure to accommodate claims fail because there is no evidence that Plaintiff had a disability. For Plaintiff to prevail on her failure to accommodate claim, she must prove by a preponderance of the evidence that: 1) she had a disability; 2) she was qualified to perform her job; 3) she requested an accommodation; 4) Defendants were aware of Plaintiff's disability at the time of her request; and 5) Defendants failed to provide Plaintiff with a reasonable accommodation. *Scheidler v. Indiana*, 2019 U.S. App. LEXIS 2616, at *10 (7th Cir. Jan. 25, 2019) (citing *E.E.O.C. v. AutoZone*, 809 F.3d 916, 919 (7th Cir. 2016); *Brumfield v. City of Chicago*, 735 F.3d 619, 630 (7th Cir. 2013)). Plaintiff alleges that Defendants failed to accommodate her disability by, on one occasion in July 2016, asking her to clock out for lunch before she used the restroom.

To prevail on her disparate treatment claim, Plaintiff must also prove by a preponderance of evidence that: 1) she had a disability; 2) she was qualified to perform her job; 3) she suffered an adverse employment action; and 4) Plaintiff would not have suffered an adverse action if she did not have a disability. *Hoffman v. Caterpillar, Inc.*, 256 F.3d 568, 572-76 (7th Cir. 2001);

2

*Lawson v. CSX Transp., Inc.*, 245 F.3d 916 (7th Cir. 2001); *Foster v. Arthur Andersen, LLP*, 168 F.3d 1029, 1032-33 (7th Cir. 1999); *Duda v. Bd. of Educ.*, 133 F.3d 1054, 1058-89 (7th Cir. 1998); *Weigel v. Target Stores*, 122 F.3d 461, 463-64 (7th Cir. 1997).

**I.   No reasonable jury could find that Plaintiff had a disability or that Defendants were aware of any disability.**

The ADA defines disability as a physical or mental impairment that substantially limits one or more of the major life activities of such individual. 42 U.S.C. §12102(2). Discrimination under the ADA includes "not making reasonable accommodations to the *known* physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee[.]" 42 U.S.C. § 12112 (emphasis added). However, "an employer cannot be liable under the ADA . . . when it indisputably had no knowledge of the disability.'" *Adkins v. Briggs & Stratton Corp.*, 159 F.3d 306, 307 (7th Cir. 1998) (citing *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928 (7th Cir. 1995)). "[I]t would be mindless to hold the employer liable for failing to accommodate the (unknown) disability." *Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 308 (1st Cir. 2003). "Knowing that an employee has health problems is not the same as knowing that the employee suffers from a disability." *Delgado-Echevarria v. AstraZeneca, LP*, 133 F. Supp. 3d 372, 392 (D.P.R. 2015).

First, no reasonable jury could find that Plaintiff has a disability because she does not have an impairment that affects the ability to perform her job duties. In December 2014, Dr. Hampton completed a return to work form for Plaintiff. (Defendants' Ex. 16). Dr. Hampton wrote that Plaintiff could return to work with "[n]o restrictions" and that she was even "[a]ble to use firearms and motor vehicles," if her job required it. (*Id.*; 3/12/19 Trial Tr. 227:5-11, 228:8-10, 233:9-12). Dr. Hampton did not include any work restrictions in Plaintiff's return to work note in 2014, including any restrictions related to Plaintiff's bathroom use or mobility. (3/12/19 Trial Tr. 226:14-

19). The return to work form did not include any mention of a disability that would have affected Plaintiff's ability to do her job. (3/12/19 Trial Tr. 226:20-23). Dr. Hampton did not note that Plaintiff had any urinary incontinence issues in this return to work form. (3/12/19 Trial Tr. 230:14-17).

Further, Defendants were not aware of Plaintiff's alleged disability because every letter, note, and form that Plaintiff provided her employer prior to July 2016 did not include any workplace restrictions. Moreover, Plaintiff did not submit any forms to the Clerk's Office Human Resources Department requesting an accommodation. (3/12/19 Trial Tr. 272:21-273:13). Plaintiff admitted that her email to Ms. Gill dated July 7, 2016, was the first time she had notified her employer in writing that she claimed to have a "medical condition" that might affect her job. (3/12/19 Trial Tr. 286:20-287:8; Plaintiff's Ex. 5). When the Clerk's Office first learned of a possibility that Plaintiff had a medical condition, Ms. Gill asked Plaintiff to provide medical documentation to assist her. (3/12/19 Trial Tr. 287:15-288:5; Defendants' Ex. 3). Because Defendants were not aware that Plaintiff suffered from any disability, it could therefore not have failed to provide her with a reasonable accommodation or discriminated against her because of her disability.

II. **No reasonable jury could find that Plaintiff suffered an adverse employment action.**

Plaintiff has not suffered an adverse employment action. Plaintiff testified that she had not been suspended from 2014 to the present. (3/12/19 Trial Tr. 313:8-10). She also stated that she has not been demoted. (3/12/19 Trial Tr. 313:11-12). In addition, Plaintiff testified that she never had her pay docked. (3/12/19 Trial Tr. 313:13-14). Furthermore, there was no testimony that Plaintiff was treated differently *because* she had a disability. There is no causation between her alleged disability and any adverse action.

4

**III.     Plaintiff has not presented any evidence of disparate treatment.**

The Court should also grant Defendants judgment as a matter of law on Plaintiff's disparate treatment claim because there is no evidence that Plaintiff was ever treated any differently than the abled-bodied employees in the Clerk's Office.  There was no testimony that Plaintiff was the only person who had to clock out for lunch or that Carolyn Harris only told her to clock out.  Plaintiff mentioned individuals who she claimed did not have to stay past 5:00 p.m. but she did not testify that they were able-bodied individuals.  (3/12/19 Trial Tr. 251:23-24).  Plaintiff testified that she was paid for each day in question.  (3/12/19 Trial Tr. 313:13-14). She was never demoted or suspended and remains a current clerk.  (3/12/19 Trial. 313:8-21)  Also, there is no causation between her alleged disability and any adverse action.

**IV.     No reasonable jury could find that Plaintiff requested an accommodation.**

Finally, Plaintiff's failure to accommodate claim must fail because she admitted in her testimony that she never requested an accommodation.  (3/12/19 Trial 289: 8-9).  In fact, she admitted she did not need any special accommodations.  (3/12/19 Trial 288:13-22).  Plaintiff returned to work in December 2014 without any work restrictions.  (3/12/19 Trial 276: 3-5).  She never made any request for an accommodation during the relevant time period, even after the complained-of Markham incident.  (3/12/19 Trial 289: 8-9).  No reasonable jury could find that Defendants failed to accommodate Plaintiff's alleged disability because there was no request for an accommodation.

## CONCLUSION

For the foregoing reasons, Defendants request that this Court grant judgment as a matter of law on Plaintiff's ADA discrimination claims because no reasonable jury could find that

Defendants discriminated against Plaintiff because of a disability or that they failed to accommodate any disability.

Dated: March 13, 2019                                    Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County
*By: /s/ Colleen Harvey*
Kathleen C. Ori
Colleen Harvey
Jay Rahman
Assistant State's Attorneys
500 Richard D. Daley Center
Chicago, IL 60602
Tel: (312) 603-4635
kathleen.ori@cookcountyil.gov

Nicolas L. Martinez
BARTLIT BECK LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
Tel: (312) 494-4401
Nicolas.Martinez@BartlitBeck.com
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have caused true and correct copies of the above and foregoing to be served Plaintiff pursuant to ECF, in accordance with the rules of electronic filing of documents, on this 13th day of March, 2019.

                                                  /s/Colleen Harvey